IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAWUENA KODJO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:13-cv-00679 |
| v. ) | Judge Sharp / Knowles |
| ) | |
| TYSON FOODS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6). Docket No. 11. Defendant has contemporaneously filed a supporting Memorandum of Law, arguing that Plaintiff's claims should be dismissed because: (1) venue is improper; and (2) Plaintiff has failed to state a claim upon which relief can be granted because this action is time-barred since Plaintiff filed "outside the 90 day statutory limit." Docket No. 12.

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se, in forma pauperis, Title VII action alleging that Defendant discriminated against him on the basis of his race and national origin. Docket Nos. 1, 3. Plaintiff also avers that he was wrongfully terminated; that Defendant "has mistreated my other family members (father and brother) who ended up been [*sic*] fired or quitted"; that management "failed to protect" him and ignored his workplace complaints; and that he has "been disciplined multiple times for no reason or for facts that are tolerated to other workers." Docket No. 1. Plaintiff further avers:

> On July 29, 2011 I was suspended for 3 days without pay as a line leader for having a work related argument with another line leader who was not suspended because she has a different origin than mine. On March 16, 2012 I was suspended for 3 days and terminated because my clock's alarm went off my pocket while I was in meeting with a supervisor. In fact two people have had alarms went off their pocket at a meeting and interview but were not suspended. They are different races and origins other than me.

*Id.*

Plaintiff filed his Charge of Discrimination with the Tennessee Human Rights Commission on May 23, 2012. *Id.* In it, Plaintiff alleged discrimination based only upon national origin. *Id.* Specifically, Plaintiff averred:

> I am an individual of Togo national origin. I was employed by the Respondent beginning on October 20, 2008 as a Team Member. On July 29, 2011 I was suspended for 3 days without pay. In September, 2011 I was demoted from Team Leader to Team Member. On March 21, 2012 I was terminated.
>
> The reason given for my discharge was violating the cell phone policy.
>
> I believe that I was discriminated against because of my national origin/Togo, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.*

On April 11, 2013, the EEOC issued Plaintiff a Right To Sue letter. *Id.* That letter advised Plaintiff that he had 90 days from the receipt of the letter in which to file suit in this Court. *Id.* Plaintiff filed this action on July 11, 2013. *Id.* Plaintiff seeks reinstatement, $14,500 plus interest in back pay, $5,880 in compensatory damages, and $100,000 in punitive damages. *Id.*

Defendant filed the instant Motion and supporting Memorandum on August 12, 2013.

2

Docket Nos. 11, 12. Defendant contends that this action should be dismissed because venue in the Middle District of Tennessee is improper, as the plant in which Plaintiff worked was in Bedford County, which is situated in the Eastern District of Tennessee. Docket No. 12. Defendant notes that it is a citizen of Delaware; that Plaintiff was not employed in Davidson County, Tennessee; and that no alleged causes of action occurred in Davidson County, Tennessee. *Id.* Defendant essentially contends that this action should have been brought in the Eastern District of Tennessee, such that venue in the Middle District of Tennessee is improper, and warrants dismissal. *Id.*

Defendant also argues that this action should be dismissed because Plaintiff's claims are time-barred because Plaintiff filed this action 91 days after receiving his Right To Sue letter. *Id.* Defendant contends that Federal Courts "strictly enforce Title VII's 90 day statutory limit," and that "even one day's delay is fatal to a claim." *Id.*, *citing Williams v. Sears, Roebuck & Co.*, 143 F.Supp.2d 944, 945 (W.D. Tenn. 2001). Defendant asserts that the statute should not be tolled, and that "If courts were to toll the limitation period whenever a plaintiff was one day late, the effect would be to create a [91 day] limitation period." *Id.* (Brackets original.)

With regard to Defendant's argument that, pursuant to Fed. R. Civ. P. 12(b)(3), this action should be dismissed because venue in this action is improper, Defendant is a Delaware corporation with its principal place of business in Springdale, Arkansas. Docket No. 1. Plaintiff is a resident of Nashville, Davidson County, Tennessee, which is part of the Middle District of Tennessee. *Id.*; 28 U.S.C. § 123(b)(1). Plaintiff was employed at Defendant's Shelbyville, Tennessee plant. Docket No. 1. Shelbyville, Tennessee is located in Bedford County, which is part of the Eastern District of Tennessee. 28 U.S.C. § 123(a)(4). Defendant contends that,

3

because this is an employment discrimination case and Plaintiff worked in the Shelbyville plant, any allegedly discriminatory actions would have occurred in the Eastern District of Tennessee. Docket No. 12. Defendant therefore argues that, because no allegedly discriminatory actions occurred in the Middle District of Tennessee, the Middle District of Tennessee cannot serve as the proper venue. *Id.*

The issue of whether to dismiss an action for improper venue or cure the defect by transferring the action to the proper venue is governed by 28 U.S.C. § 1406, which states in relevant part:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

It is important to note that Plaintiff is proceeding pro se, and is a resident of Nashville, Davidson County, Tennessee, which is within the Middle District of Tennessee. Given these factors, the undersigned finds that dismissal based upon improper venue is unwarranted. Rather, it is in the interest of justice to transfer this action to the Eastern District of Tennessee.

In light of the above, the undersigned will not address the merits of the Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.

For the foregoing reasons, the undersigned recommends that this action be TRANSFERRED to the Eastern District of Tennessee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have

fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

/s/ E. Clifton Knowles
E. CLIFTON KNOWLES
United States Magistrate Judge